**FILED**
DISTRICT COURT OF GUAM

AUG - 8 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00053 |
| Plaintiff. | ) | |
| vs. | ) | |
| CHRISTOPHER M. ESPINOSA, | ) | **ORDER** |
| Defendant. | ) | |

This case came before the Court on August 5, 2005, on the Defendant's motion to reconsider the Court's detention order. For the reasons set forth below, the Court hereby DENIES the Defendant's motion and ORDERS his continued detention pending trial.

**FACTS**

On June 22, 2005, the Defendant and three others were indicted by the grand jury and charged with Conspiracy to Distribute Methamphetamine Hydrochloride and Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute. The offenses involved a drug quantity over 100 grams. A bench warrant for the Defendant was subsequently issued by the Court.

On June 23, 2005, the Defendant made his Initial Appearance in the United States District Court for the District of Nevada. On June 28, 2005, a detention hearing was held in the District of Nevada. Following the detention hearing, the Honorable Lawrence R. Leavitt, United

Case 1:05-cr-00053   Document 32   Filed 08/08/2005   Page 2 of 5
United States v. Christopher M. Espinosa, Criminal Case No. 05-00053
Order Denying Defendant's Motion to Reconsider Detention

States Magistrate Judge, ordered the continued detention of the Defendant based on the following findings:

> The [D]efendant is charged with an offense which under the Bail Reform Act gives rise to a presumption that he is both a significant risk of non-appearance and danger to the community such that he should be detained.
>
> The Defendant has not provided any evidence or information to rebut the presumption even after having been interviewed by Pretrial Services and after Pretrial Services Agency was able to supplement its view of the [D]efendant's criminal history.
>
> The [D]efendant has nine (9) outstanding Bench Warrants, six (6) of which are traffic-related offenses occurring on two separate dates. This suggests to the Court that the [D]efendant does not have any sense of responsibility to respond to the Orders of the Court.
>
> . . .
>
> In Las Vegas, the [D]efendant failed to appear on a misdemeanor matter for an Arraignment before a Justice of the Peace in 2004, a Bench Warrant was issued, and remains outstanding.

See Order of Detention Pending Trial, Docket No. 18.

On July 18, 2005, the Defendant made his Initial Appearance in this district before Designated Judge Frances M. Tydingco-Gatewood. The Pretrial Services Report recommended the detention of the Defendant, and the Government concurred in said recommendation. The defense counsel said that a separate bail motion would be brought at a latter date when he could obtain further information from the Defendant and his family. Based on the presumption of detention, the Court detained the Defendant.

On July 22, 2005, the Defendant filed the instant motion to reconsider the Court's detention order. See Docket Nos. 23-24.

On August 3, 2005, Judge Tydingco-Gatewood directed the below-signed Magistrate Judge to hear the instant motion and determine whether the Defendant should now be released. See Docket No. 28.

## ANALYSIS

Federal law presumes the pretrial release of a defendant on personal recognizance or upon execution of an unsecured appearance bond unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. 18 U.S.C. § 3142(b). Furthermore, in determining whether there are conditions of release that will reasonably assure the appearance of the

Case 1:05-cr-00053   Document 32   Filed 08/08/2005   Page 3 of 5
United States v. Christopher M. Espinosa, Criminal Case No. 05-00053
Order Denying Defendant's Motion to Reconsider Detention

defendant and the safety of the community, the Court must consider the following factors:

    (1) The nature of the circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
    (2) the weight of the evidence against the person;
    (3) the history and characteristics of the person, including –
        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
        (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. United States v. Winsor, 785 F.2d 755, 757 (9th Cir.1986).

    Although there is a presumption of release, the law also provides that subject to rebuttal by the defendant, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if . . . there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e). The indictment itself is sufficient to support a finding of probable cause. United States v. Suppa, 799 F.2d 115, 119 (3d Cir.1986); United States v. Harris, 732 F. Supp. 1027, 1033 (N.D. Cal.1990). This statutory presumption merely shifts the burden of production of evidence to the defendant. United States v. Mesher, 707 F. Supp. 1224, 1225 (D. Or.1989); United States v. Moore, 607 F. Supp. 489, 497 (N.D. Cal.1985). The Government still retains the ultimate burden of persuasion, Mesher, 707 F. Supp. at 1225, and the burden placed on the defendant to rebut the presumption is small. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). The defendant need only put forth "some credible evidence forming a basis for his contention that he will appear and not pose a threat to the community in order to rebut the presumption." United States v. Thomas, 667 F. Supp. 727, 728 (D. Or. 1987); Dillon, 938 F.2d at 1416.

- 3 -
Case 1:05-cr-00053   Document 32-2   Filed 08/08/2005   Page 3 of 5

Case 1:05-cr-00053   Document 32   Filed 08/08/2005   Page 4 of 5
United States v. Christopher M. Espinosa, Criminal Case No. 05-00053
Order Denying Defendant's Motion to Reconsider Detention

In this instance, the offenses charged in the Indictment involve violations of the Controlled Substances Act. The drug quantity alleged is over 100 grams of methamphetamine hydrochloride which carries a mandatory minimum of 10 years imprisonment with a maximum of life imprisonment. Thus, the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community applies to the Defendant.

The burden now shifts to the Defendant to produce some credible evidence forming the basis for his contention that he will appear at all court hearings and not pose a threat to the community. The Defendant has proposed a third party custodian, Anthony C. Lujan whom the United States Probation Office ("USPO") finds acceptable. Additionally, the USPO has determined that Mr. Lujan's residence is suitable for the installation of the electronic monitoring system. Nevertheless, the USPO still has concerns about the risk of future non-appearances by the Defendant. Specifically, the USPO's report indicates that in 1999 the Defendant had a pending felony case in the Superior Court of Guam. Prior to disposition of the case and while on pretrial release, the Defendant left Guam and failed to return. Thus, the Superior Court of Guam issued a warrant for the Defendant's arrest in October 2000, which remains outstanding. Furthermore, information received from probation officer Carleen Borja, although not specifically contained in the USPO's report, revealed that the Superior Court had given its permission for the Defendant to go on a short vacation to the mainland United States with Mr. Lujan. However, while they were traveling together, the Defendant ran off from Mr. Lujan. Thus, Mr. Lujan returned to Guam without the Defendant, informed the Superior Court about the Defendant's disappearance, and the Superior Court issued a warrant for the Defendant's arrest. The Court is further advised that prior to the Defendant's return to Guam last month following his arrest in Las Vegas, Mr. Lujan had only sporadic contact (possibly one or two telephone calls) with the Defendant over the past years.

In addition to the fact that the Defendant stayed away from this jurisdiction to avoid prosecution, the report also indicates that the Defendant has numerous warrants in Las Vegas outstanding because of his failures to appear at judicial proceedings in that jurisdiction.

Case 1:05-cr-00053   Document 32   Filed 08/08/2005   Page 5 of 5

United States v. Christopher M. Espinosa, Criminal Case No. 05-00053
Order Denying Defendant's Motion to Reconsider Detention

This Court is as concerned as Judge Leavitt was about the Defendant's risk of flight. The fact that Mr. Lujan is willing to act as the Defendant's custodian does not alleviate the Court's concerns. The Defendant ran away from Mr. Lujan once before, and there are no assurances that the Defendant will not flee from this jurisdiction again in order to avoid prosecution and trial. Additionally, the Court can not be assured that the Defendant will appear at all future court hearings when he did not appear for court proceedings in the Superior Court and Las Vegas. The Defendant's history indicates that he lacks the responsibility to abide by court orders imposed upon him. He was not even responsible enough to return to Guam to face the charges against him. Because the Defendant has not met his burden of rebutting the presumption that no condition or combination of conditions will reasonably assure his appearance, the Court DENIES the Defendant's motion and ORDERS the continued detention of the Defendant pending trial.

SO ORDERED this 8th day of August 2005.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge