**MANTANONA**
LAW OFFICE

GCIC Bldg., Suite 601B
414 West Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Facsimile (671) 472-3668

Attorney for **Christopher M. Espinosa**

FILED
DISTRICT COURT OF GUAM
AUG 11 2005
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 05-00053 |
| vs. | |
| CHRISTOPHER M. ESPINOSA. et al. | **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| Defendant. | |

## MEMORANDUM OF POINTS AND AUTORITIES

### STATEMENT OF FACTS

1. The defendant has been provided in initial discovery a partial list of items alleged to have been seized from defendant's home in Las Vegas pursuant to a search warrant.

2. It appears that the government intends to use such items at trial.

3. The defendant has not been provided a complete inventory and more importantly, all the necessary pleadings relevant to the search warrant whatsoever in regards to that search warrant.

### ARGUMENT

The defendant must review the requested items and documents to determine if the items seized are admissible and or should be suppressed. The defendant believes such a

ORIGINAL

review is vital to his preparation for his defense trial and deciding what motions to file.

A motion to suppress must be made before trial Federal Rules of Criminal Procedure. Rule 12(b)(3)(c):

> (3) Motions that must be made before trial. The following must be raised before trial:
>
> (c) A motion to suppress evidence.

The defendant is entitled to the requested items (items seized) pursuant to Federal Rules Of Criminal Procedure Rule 16(a)(1)(b):

> Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

The items sought by the defendant have been partially disclosed and are material to his defense and by its disclosure it is apparent the items are going to be used at trial by the government.

Secondly, the defendant is entitled to the search warrant documents pursuant to Rule 41(f)(3)(a).

> Receipt. The officer executing the warrant

(A) give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken; or

(B) leave a copy of the warrant and receipt at the place where the officer took the property.

Return. The officer executing the warrant must promptly return it-together with a copy of the inventory-to the magistrate judge designated on the warrant. The judge must, on request, give a copy of the inventory to the person from whom, or from whose premises, the property was taken and to the applicant for the warrant.

## CONCLUSION

Defendant respectfully request that his motion to compel discovery be granted and that he shall be provided a copy of all items seized at his home and all relevant search warrant documents.

Dated this 10 day of August, 2005.

MANTANONA LAW OFFICE
Attorney for **Christopher M. Espinosa**

By: _____
RAWLEN M T MANTANONA, ESQ.
A duly licensed attorney