**MANTANONA**
LAW OFFICE

BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

Attorney for **Christopher M. Espinosa**

FILED
DISTRICT COURT OF GUAM
AUG 29 2005
MARY L.M. MORAN
CLERK OF COURT

### DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 05-00053 |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM IN SUPPORT OF COURT** |
| CHRISTOPHER M. ESPINOSA. et al. ) | **APPOINTED COUNSEL'S MOTION TO** |
| ) | **WITHDRAW** |
| Defendant. ) | |

## MEMORANDUM OF POINTS AND AUTORITIES

### STATEMENT OF FACTS

Model Rule 1.16 (b) of the Model Rules of Professional Conduct provides:

Declining or Termination Representation

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or it:

   (1) Withdrawal can be accomplished without adverse effect on the interest of the client;

   (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

   (3) The client has used the lawyer's services to perpetrate a crime or fraud;

   (4) A client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

U.S.A. vs. Christopher M. Espinosa. et al.
Criminal Case No. 05-00053
Memorandum in Support of Court Appointed Counsel's Motion to Withdraw
Page 2

(5) The client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) **The representation** will result in an unreasonable financial burden on the lawyer of **has been rendered unreasonably difficult by the client**; or (emphasis added).

(7) **Other** good case for withdrawal exists.

As shown by the Declaration of Rawlen M T Mantanona, attached hereto as Exhibit "A" and incorporated herein by reference, withdrawal is warranted in the above-referenced case. Defendant is incarcerated and currently awaiting trial. The Defendant needs counsel to assist him representation and to argue on his behalf at trial. Defendant has not been satisfy with Movant's representation and does not believe Movant is doing everything to protect his interest. This distrust and lack of confidence goes back to the defendant's arraignment and was raised to the judge. As a result, communication between Defendant and counsel has completely broken down and Defendant expresses that he has lost all confidence in counsel with regards to representing him in the above captioned case. In addition, Defendant has requested that Movant withdraw from representation and would like new counsel.

In that regard, Defendant should be granted new counsel in substitute of the undersigned. A "refusal to allow substitution of attorneys may result in denial of the constitutional right to effective assistance of counsel if the defendant and his attorney are embroiled in an 'irreconcilable conflict'." U.S. v. McClendon, 782 F.2d 785 (9th Cir. 1986) citing Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970).

U.S.A. vs. Christopher M. Espinosa. et al.
Criminal Case No. 05-00053
Memorandum In Support of Court Appointed Counsel's Motion to Withdraw
Page 3

Based on the foregoing, we respectfully request the court grant an order relieving the undersigned counsel from further representation of Defendant Christopher M. Espinosa.

Respectfully submitted this 29 day of August, 2005.

MANTANONA LAW OFFICE
Attorney for **Christopher M. Espinosa**

By: _____
RAWLEN M T MANTANONA, ESQ.
A duly licensed attorney