CEspinosa.SIN

LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
NOV 23 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> CHRISTOPHER M. ESPINOSA, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 05-00053 <br><br> **SUPERSEDING INDICTMENT** <br><br> **CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE** <br> [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846] <br> (COUNT 1) <br><br> **ATTEMPTED POSSESSION OF METHAMPHETAMINE HYDROCHLORIDE WITH INTENT TO DISTRIBUTE** <br> [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846] <br> (COUNT II) <br><br> **MONEY LAUNDERING** <br> [18 U.S.C. §§ 1956(a)(1)(A)(i) and 2] <br> (COUNTS III TO V) <br><br> **FORFEITURE ALLEGATION** <br> [18 U.S.C. § 853] <br> (COUNT VI) |

THE GRAND JURY CHARGES:

**COUNT I - CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE**

Beginning at a time unknown, but at least by in or about the month of April, 2005 through

-1-

on or about June 18, 2005, in the District of Guam and elsewhere, the defendant, CHRISTOPHER M. ESPINOSA, and other persons known and unknown to the grand jury, did unlawfully, intentionally, and knowingly combine, conspire, confederate and agree together and with others, to distribute over 100 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846.

## COUNT II - POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE

On about June 18, 2005, in the District of Guam, the defendant herein, CHRISTOPHER M. ESPINOSA, and other persons known to the grand jury, did unlawfully and knowingly possess with intent to distribute over 100 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), and Title 18, United States Code Section 2.

## COUNT III - MONEY LAUNDERING

On about the 12th day of April, 2005, in the District of Guam and elsewhere, CHRISTOPHER M. ESPINOSA, and others known to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of funds from Account Number 6038-056330 at the Bank of Hawaii, a financial institution which is engaged in and the activities of which affect interstate and foreign commerce, to Account Number 004971268812 held in the name of CHRISTOPHER ESPINOSA at the Bank of America, Las Vegas, Nevada, a financial institution which is engaged in and the activities of which affect interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is possession with intent to distribute methamphetamine hydrochloride in violation of Title 21, United States Code, Section 841 and conspiracy to possess with intent to distribute methamphetamine hydrochloride in violation of Title 21 United States

Code Section 846, and that while conducting and attempting to conduct such financial transaction CHRISTOPHER M. ESPINOSA knew that the property involved in the financial transaction, that is funds in the amount of SEVEN THOUSAND NINE HUNDRED AND TWENTY FIVE DOLLARS ($7,925.00), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT IV - MONEY LAUNDERING

On about the 20th day of April, 2005, in the District of Guam and elsewhere, CHRISTOPHER M. ESPINOSA, and others known to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of funds from Account Number 6038-056330 at the Bank of Hawaii, a financial institution which is engaged in and the activities of which affect interstate and foreign commerce, to account number 004971268812 held in the name of CHRISTOPHER ESPINOSA at the Bank of America, Las Vegas, Nevada, a financial institution which is engaged in and the activities of which affect interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is possession with intent to distribute methamphetamine hydrochloride in violation of Title 21, United States Code, Section 841 and conspiracy to possess with intent to distribute methamphetamine hydrochloride in violation of Title 21, United States Code Section 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of SEVEN THOUSAND NINE HUNDRED AND TWENTY FIVE DOLLARS ($7,925.00), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

\\

\\

-3-

Case 1:05-cr-00053    Document 96    Filed 11/23/2005    Page 3 of 5

## COUNT V - MONEY LAUNDERING

On about the 6th day of June, 2005, in the District of Guam and elsewhere, CHRISTOPHER M. ESPINOSA, and others known to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of funds through Western Union, a financial institution which is engaged in and the activities of which affect interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is possession with intent to distribute methamphetamine hydrochloride in violation of Title 21, United States Code, Section 841 and conspiracy to possess with intent to distribute methamphetamine hydrochloride in violation of Title 21, United States Code, Section 846, and that while conducting and attempting to conduct such financial transaction CHRISTOPHER M. ESPINOSA knew that the property involved in the financial transaction, that is funds in the amount of FOUR THOUSAND FIVE HUNDRED AND EIGHTEEN DOLLARS ($4,518.00), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT VI - FORFEITURE ALLEGATION

1. The allegations contained in Counts I through V of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853.

2. From his engagement in any and all of the violations alleged in Counts I through V of this First Superseding Indictment, punishable by imprisonment for more than one year, which counts are realleged and incorporated as if fully set forth here, the defendant, CHRISTOPHER M. ESPINOSA, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2) all of his interest in:

    A.    Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations; and

B.   Property used and intended to be used in any Manner or part to commit or to facilitate the commission of such violations.

3. Such forfeiture shall include all property, real or personal, tangible or intangible, including any interest in said property of the defendant.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

A.   cannot be located upon the exercise of due diligence;

B.   has been transferred or sold to, or deposited with, a third person;

C.   has been placed beyond the jurisdiction of the Court,

D.   has been substantially diminished in value; or

E.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

Dated this __23__ day of November 2005.

A TRUE BILL.



Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
RUSSELL C. STODDARD
First Assistant U.S. Attorney