CIVILLE & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendant*
*Christopher M. Espinosa*


FILED
DISTRICT COURT OF GUAM
FEB 28 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00053 |
| Plaintiff, | |
| vs. | **DEFENDANT'S PROPOSED** *VOIR DIRE* **QUESTIONS** |
| CHRISTOPHER M. ESPINOSA, | |
| Defendant. | |

The Defendant, Christopher M. Espinosa hereby submits the following proposed *voir dire* questions pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

DATED at Hagåtña, Guam, this 28th day of February, 2006.

CIVILLE & TANG, PLLC

By _____
G. PATRICK CIVILLE
*Attorneys for Defendant*
*Christopher M. Espinosa*

ORIGINAL

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTIONS

1. How long have you lived in Guam?

2. Are you employed?

3. By whom are you employed?

4. How long have you been so employed?

5. Are you employed in a supervisory capacity?

6. [If retired] What was your previous occupation and how long have you been retired?

7. Are you married?

8. Does your spouse work?

9. Has your spouse ever worked?

10. What is your educational background?

11. Have you ever studied law?

12. Do you have any children?

13. How old are your children?

14. Do you consider yourself a parent who believes in the disciplining of children?

15. How large was the family in which you grew up?

16. Did your parents believe in discipline?

17. Would you consider your parents strict disciplinarians?

18. Do you or do members of your family or friends know the Honorable , who is the presiding judge in this case?

2

Case 1:05-cr-00053  Document 151  Filed 02/28/2006  Page 2 of 9

19. Do you know counsel for the prosecution or counsel for the defense in this case?

20. Are you related to or do you otherwise know any of the witnesses who were previously named to you?

21. Are you related to the defendant or do you otherwise know him?

22. Had you heard anything about this case previously? If yes:

    a) From what source or sources have you received information about this case?

    b) Have you discussed this case with anybody?

    c) Do you recall any specific facts about this case from what you have read or have heard?

    d) Have you formed an opinion as to the innocence or guilt of the defendant?

    e) In hearing this case, and in deliberating with the jury, would you be able to put out of your mind anything that you may have previously read or heard about this case?

23. Is there anything about this case that may prevent you from being fair and impartial?

24. Do you have any difficulty in hearing, seeing, or reading?

25. Have you ever been a juror in a criminal trial before?

26. Have you ever sat on a jury before where you have actually been sworn in and participated as a member of the jury?

27. Have you ever been a witness in a criminal case?

28. Have you ever been a defendant in a criminal case?

29. Would you prefer not to sit on this case for any reason? [Explain.]

30. Can each of you give me your assurance that you will keep an open mind in this case until the defense has completed its case in this matter? The reason that I ask this question is because the prosecution is allowed to present its evidence first. When the prosecution is finished presenting its evidence, all you will have heard until then is one side of the story. I would simply ask you to keep an open mind until the defense has an opportunity to present its evidence and until it has concluded with its portion of the trial. Can all of you do that?

31. Have you ever been the victim of a crime?

32. Have members of your family or a close friend ever been the victim of a crime?

33. Have you, members of your family, or close personal friends ever testified in a criminal trial or before a grand jury?

34. Do you think that the criminal local or federal justice system is handling the problem of crime adequately today?

35. Do you feel that the criminal justice system is too lenient on criminals?

36. Are you satisfied with the criminal justice system as it is today?

37. Have you, or any member of your immediate family, ever been a complainant or witness in a criminal investigation, grand jury proceeding, or trial?

38. Do you have any close friends or family members who are lawyers?

39. Do you know any judges personally?

40. Have you ever been a member of the military service or national guard?

41. If you served in the military or national guard, were you ever involved in any law enforcement activities during your tour of duty with the military?

42. Have you, or any member of your immediate family, ever been employed by, or associated with, any local, state, or federal police force, law enforcement agency, prosecutor's office, or other governmental agency?

43. Are you, any of your family members, close relatives, or friends employees of the Justice Department, Treasury Department, F.B.I., C.I.A., Drug Enforcement Agency ("DEA"), Internal Revenue Service, or any other local, state or federal law enforcement agency? If yes:

   a) Which department?

   b) How long have [you] [your family members] [close relatives] [friends] been so employed?

   c) What type of work do [you] [your family members] [close relatives] [friends] do?

   d) [If a friend, family member, or relative], have you discussed the nature of his or her work with him or her?

44. Have you in your personal life ever had any dealings with the F.B.I., U.S. Drug Enforcement Agency, or any other law enforcement agency?

45. Have you ever had any contact with the Justice Department, F.B.I. or the DEA through your occupation?

46. Have you through your dealings come to any conclusion as to the credibility of members of the F.B.I. or D.E.A.?

47. Do you feel that law enforcement officers are trustworthy merely because of their occupation?

48. It is anticipated that the Government will call members of law enforcement to testify in their case. Do you feel that you have a leaning or predisposition to believe the version as presented by these law enforcement officers?

49. Do you feel you have a leaning or predisposition to believe a version of what happened as presented by witnesses who are not law enforcement officers?

50. Do you feel that the fact that a person is a law enforcement officer gives him or her a higher degree of credibility than a person who is not a law enforcement officer?

51. Would it be difficult for you to remain impartial in this case because the credibility of the law enforcement officer will most likely be in conflict with the credibility of a lay person? If yes:

    a) Do you feel that because it would be difficult for you to be impartial in regard to the testimony of law enforcement officers that it would be better if you did not sit as a trial juror

in this case?

52. Do you think there is today a fairly critical problem on Guam and across the United States in regard to controlled substances, its use, and misuse?

53. Has anyone close to you, a friend or relative, had a problem with controlled substances?

54. If you have any personal beliefs against the use of controlled substances, could you be fair in deciding a case involving allegations of violations of laws pertaining to controlled substances?

55. Would you prefer not to sit on a case involving allegations of violations of the laws pertaining to controlled substances?

56. For those who have had previous jury experience on a civil case, do you recall that the burden of proof that a preponderance of the evidence? [For relevant jurors]:

   a) Do you realize that in a criminal case the prosecution must prove its case to all jurors and that it must prove that the accused is guilty beyond a reasonable doubt?

   b) Do you understand the difference between the burden of proof in these two types of jury trials?

   c) Do you realize that the prosecution carries the complete burden of proof?

   d) Do you realize that the defense carries no burden of proof whatsoever?

   e) Do you realize that the defense has no duty to put on any evidence whatsoever because the entire burden rests with the prosecution?

    f) If the prosecution does not meet its burden, do you agree that as a trial juror you have a duty to find the accused not guilty?

57. Would you hold it against the defendant if he did not testify?

58. If the prosecution fails to prove its case beyond a reasonable doubt, would you hesitate to acquit the defendant?

59. Do you realize that the court will instruct you that a person who is accused is presumed innocent until such time, if at all, as the prosecution overcomes this presumption of innocence and proves him or her guilty beyond a reasonable doubt?

60. If the proof of guilt is not forthcoming then the presumption of innocence is not overcome.

    a) Do you feel that you can follow the law as it relates to the presumption of innocence?

    b) Is this a concept that may be difficult for you to follow during your deliberations? If so, please explain.

## CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on February 28, 2006, I caused the foregoing document to be served by hand delivery on the Office of the United States Attorney Suite 500, Sirena Plaza, 108 Hernan Cortez Ave., Hagåtña, Guam 96910.

DATED at Hagåtña, Guam, this 28th day of February, 2006.

CIVILLE & TANG, PLLC

By _____
G. PATRICK CIVILLE
*Attorneys for Defendant*
*Christopher M. Espinosa*