CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Christopher M. Espinosa*



FILED
DISTRICT COURT OF GUAM

MAR 27 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00053 |
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO CONTINUE TRIAL** |
| | ) | **AND MEMORANDUM OF LAW** |
| CHRISTOPHER M. ESPINOSA and BRIAN WILLIAM ELM, | ) | |
| Defendants. | ) | |

### MOTION

Defendant Christopher Espinosa, through counsel, hereby moves the Court to continue the trial in the above matter, which is currently scheduled for April 3, 2006. Defendant requests that the trial be scheduled for a date on or after April 14 as may be convenient for the Court and other parties. The basis for this motion is that counsel for Defendant Espinosa is in Hawaii for medical treatment which will continue until April 5, 2006. *See* Declaration of G. Patrick Civille filed herewith. This motion is supported by the following memorandum of law.

### MEMORANDUM OF LAW

The decision to grant a continuance is within the discretion of the trial court. *United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994). The speedy trial act requires that a trial commence within the time set forth under the Act. *See* 18 U.S.C. § 3161. "Under §

3161(h)(8)(A), however, the district court may exclude from the 70-day calculation any delay resulting from a continuance granted by the judge upon the motion of either party or on his or her own motion 'if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Lewis*, 980 F.2d 555, 560 (9th Cir. 1992) (citing 18 U.S.C. § 3161(h)(8)(A). Under the Act, there are four factors that a district court must consider prior to granting a continuance. *Id.* Specifically, § 3161(h)(8)(B) of the Act provides:

> The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B).

A continuance of this matter is warranted under § 3161(h)(8)(B)(iv) of the Act to prevent the unreasonable denial of the defendant "continuity of counsel," or "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* As indicated in the attached Declaration of Counsel, counsel for Defendant Espinosa is in Hawaii for medical treatment which will continue until April 5, 2006. On February 2, 2006 counsel was diagnosed with skin cancer on his nose, and was advised to have surgery as soon as possible. Decl. of Counsel, ¶ 6. Due to Counsel's involvement in a lengthy civil jury trial which began on February 6 and lasted through February, counsel was unable to have surgery in February. Counsel's surgeon was not available in mid-March and the surgery was not performed until March 21, 2006. The surgery was more extensive than anticipated and required a follow-up skin graft. Decl. of Counsel, ¶¶ 4-5. The skin graft was performed on March 24, and counsel has follow up appointments, in Honolulu, related to the skin graft on March 29, 31 and April 5. Counsel's physician has advised Counsel not to fly until after counsel's final examination on April 5. *See* Decl. of Counsel, ¶ 6. The earliest date that counsel can arrive back on Guam is April 7, 2006, after which counsel will need time to meet with the Defendant Espinosa and complete final trial preparations. *See* Decl. of Counsel, ¶¶ 7-8.

The illness of counsel has been recognized as permissible and within the discretion of the court for purposes of the exception with regard to the computation of time in which the defendant or defendants, as the case may be, must be brought to trial under the Speedy Trial Act. *See United v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980) (stating that the district court's continuance was based on the fact that counsel for a co-defendant was ill, and that "these reasons were valid and well within the discretion afforded the court by the exclusionary language" of 18 U.S.C. § 3161(h)(8) governing speedy trials). "Section 3161(h)(8) clearly empowers the judge

3

to grant a continuance . . . if he finds that the 'ends of justice' so require." *Id.* In the present case, a continuance is necessary due to Counsel's medical issues which are taking more time than Counsel had anticipated, as well as to enable both the Counsel's attendance and adequate preparation at trial. As the ends of justice require such continuance, the co-Defendant's rights with regard to the speedy trial will also not be prejudiced. *See id.*

In light of the foregoing, the Defendant requests that the trial in this matter be continued to a date on or after April 14. Counsel has been advised by the secretary to Mr. Stoddard (who is off island), the trial attorney for the United States in this matter, that Mr. Stoddard does not object to the requested continuance provided the trial date is set for on or after May 10 or such date after that which is convenient to the Court. Counsel has further been advised by Mr. Van de Veld, counsel for co-defendant Elm, that he does not object to the requested continuance, and that he is also seeking a continuance due to a scheduling conflict and that a date after May 10 is acceptable to him.

Respectfully submitted this 27th day of March 2006.

**CIVILLE & TANG, PLLC**

By: _____
**G. PATRICK CIVILLE**
*Attorneys for* Defendant
*Christopher M. Espinosa*

4