IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00053-001 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **INFORMATIONAL VIOLATION REPORT** |
| | ) | |
| CHRISTOPHER M. ESPINOSA | ) | |
| Defendant. | ) | |
| | ) | |

**Re:  Violation of Release Conditions; No Action Requested**

On May 8, 2006, Christopher M. Espinosa was brought before Magistrate Judge Joaquin V.E. Manibusan in the U.S. District Court of Guam for a Change of Plea Hearing relative to a Third Superceding Indictment. The defendant pled guilty to <u>Count I:</u> Conspiracy to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and <u>Count III:</u> Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). On May 10, 2006, the Court released the defendant on the following conditions as stipulated by the parties: that the defendant live with his father, Anthony Lujan; report to the U.S. Probation Office for supervision; maintain or actively seek employment; surrender his passport to the Clerk of Court of the U.S. District Court of Guam; obtain no passport; remain at a fixed address and not change residence without prior notice to the U.S. Probation Office; refrain from possessing a firearm, destructive device or other dangerous weapons; refrain from excessive use of alcohol; refrain from any unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a licensed practitioner; report as soon as possible to the pretrial services officer or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop; not leave the territory of Guam without permission from the U.S. Probation Office and the Court; stay away from all ports of entry and exit unless given permission by the U.S. Probation Office and the Court; and submit a complete and written monthly supervision report to the U.S. Probation Office between the 1st and the 5th of each month. The Court set sentencing for August 28, 2006.

INFORMATIONAL VIOLATION REPORT
Violation of Release Conditions; No Action Requested
Re: ESPINOSA, Christopher M.
USDC Cr. Cs. No. 05-00053-001
August 4, 2006
Page 2

On June 14, 2006, the Court modified conditions of pretrial release requiring the defendant to submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. defendant participate in substance abuse testing. The modification was granted at the request of the U.S. Probation Office as the instant offense is drug-related.

**Special Condition:** *The defendant shall submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.* Mr. Espinosa failed to report for urinalysis on July 10, 2006. At a compliance meeting with this Officer the following day, Mr. Espinosa explained that he was busy at work and could not make the urinalysis appointment. He acknowledged, however, that he could have made arrangements with his employer to attend the appointment but failed to do so. Urinalysis conducted this date was negative. Mr. Espinosa was advised of the consequences of continued noncompliance.

Mr. Espinosa failed to report for urinalyses on July 22, and 30, 2006. Compliance meetings were held at the U.S. Probation Office subsequent to each "no show" on July 24, 2006 and August 1, 2006. Mr. Espinosa stated that he forgot to attend the scheduled urinalysis appointments citing his work schedule as well other personal interests/hobbies, as the primary reason. He informed this Officer that in addition to his full-time job working for his father as a heavy equipment operator at Big Ben Corporation, he also is involved in mixed martial arts training, as well as supplemental self-employment as an independent graphic artist. Mr. Espinosa was strictly advised by this Officer that despite his busy schedule, he must prioritize the Court ordered conditions and assure full compliance. Urinalysis conducted at both compliance meetings above were negative.

**Supervision Compliance:** Except as outlined above, Mr. Espinosa is in compliance with all pretrial release conditions. He maintains employment with Big Ben Corporation as a heavy equipment operator and has submitted all required monthly supervision reports.

INFORMATIONAL VIOLATION REPORT
Violation of Release Conditions; No Action Requested
Re: ESPINOSA, Christopher M.
USDC Cr. Cs. No. 05-00053-001
August 4, 2006
Page 3

**Recommendation:** This Officer respectfully recommends that the Court take no action at this time against the defendant and permit him to continue under drug surveillance. Any further violations will be reported to the Court accordingly.

RESPECTFULLY submitted this 7th day of August 2006.

By: _____

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc: Russell C. Stoddard, AUSA
    G. Patrick Civille, Defense Counsel
    File